IN THE UNITED STATES COURT OF FEDERAL CLAIMS
BID PROTEST

| | | |
|---|---|---|
| KLOPPENBURG ENTERPRISES, INC., Plaintiff, | ) | |
| v. | ) | No. 08-540C (Judge Baskir) |
| THE UNITED STATES, Defendant. | ) | |

**DEFENDANT'S MOTION FOR LEAVE TO FILE GAO DECISION**

Pursuant to Rule 7 of the Rules of this Court, defendant, the United States, respectfully requests leave of the Court to file the attached decision by the Government Accountability Office ("GAO") with respect to the bid protest filed by Kloppenburg Enterprises, Inc. ("Kloppenburg") (protest number B-400283). Although Kloppenburg's complaint refers to the denial of its protest by the GAO, the attachments to the complaint do not include a copy of the GAO's denial. Because the GAO's decision addresses similar, if not identical, claims to those raised in this suit, the attached decision should prove valuable to the Court for the initial status conference.[1] For

[1] Pursuant to Appendix C of the Rules of this Court, the GAO's decision will be a part of the administrative record.

these reasons, we respectfully request that the Court grant the Government leave to file the attached GAO decision.

Respectfully submitted,

GREGORY G. KATSAS
Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/ Kenneth M. Dintzer
KENNETH M. DINTZER
Assistant Director

s/ Michael J. Dierberg
MICHAEL J. DIERBERG
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit, 8th Fl.
1100 L St. NW
Washington, DC 20530

July 25, 2008

Attorneys for Defendant

# Attachment

GAO
Accountability * Integrity * Reliability

Comptroller General
of the United States

United States Government Accountability Office
Washington, DC 20548

# Decision

**Matter of:** Kloppenburg Enterprises, Inc.

**File:** B-400283

**Date:** July 9, 2008

## DECISION

Kloppenburg Enterprises, Inc., a small business, protests the award of a contract to Alutiiq Pacific, LLC by the Department of Defense Education Activity (DODEA) under request for proposals (RFP) No. HE1260-08-R-8001 for school bus transportation services on Guam.

We dismiss the protest because, as filed with our Office, it does not establish a valid basis for challenging the agency's action.

The jurisdiction of our Office is established by the bid protest provisions of the Competition in Contracting Act of 1984, 31 U.S.C. §§ 3551-56 (2000 & Supp. V 2005). Our role in resolving bid protests is to ensure that the statutory requirements for full and open competition are met. Pacific Photocopy & Research Servs., B-278698, B-278698.3, Mar. 4, 1998, 98-1 CPD ¶ 69 at 4. To achieve this end, our Bid Protest Regulations, 4 C.F.R. § 21.1(c)(4) and (f) (2008), require that a protest include a detailed statement of the legal and factual grounds for the protest, and that the grounds stated be legally sufficient. These requirements contemplate that protesters will provide, at a minimum, either allegations or evidence sufficient, if uncontradicted, to establish the likelihood that the protester will prevail in its claim of improper agency action. Id.

Several of the grounds of protest allege that the agency failed to take account of particular advantages of Kloppenburg's proposal (and alleged weaknesses in Alutiiq's proposal), in making the award to Alutiiq at its lower price. However, the RFP specified that award would be made under the "lowest price technically acceptable source selection process in accordance with FAR [Federal Acquisition Regulation] 15.101-2."[1] RFP at 114. Therefore the evaluation was only required to consider whether each proposal was acceptable.

[1] Technical acceptability included evaluation of past performance. RFP at 114.

Nevertheless, Kloppenburg argues that the RFP also stated that award would be made to the firm "whose offer represents the best value to the Government," and that this phrase is inconsistent with the RFP statement that award would be based on "a lowest price technically acceptable source selection process." We disagree. FAR § 15.101-2 specifically provides that "[t]he lowest price technically acceptable source selection process is appropriate when best value is expected to result from selection of the technically acceptable proposal with the lowest evaluated price." In short, there is no inconsistency in the RFP. Kloppenburg's arguments that the RFP required DODEA to consider the protester's technical superiority (or Alutiiq's alleged inferiority) have no basis in the terms of the RFP.[2]

Although Kloppenburg next argues generally that Alutiiq is not capable of performing, the protester provides no factual basis for this claim. The protester's July 8 filing notes that Alutiiq's main offices are in Alaska, that Alutiiq's office in Guam is allegedly located atop a sandwich shop, and that "Kloppenburg is not aware of a similar [bus servicing] facility owned or available to Alutiiq." These arguments are fundamentally a challenge to the agency's affirmative determination of Alutiiq's responsibility.

The determination that an offeror is capable of performing a contract is largely committed to the contracting officer's discretion.[3] Our Office generally will not consider a protest challenging such a determination, except where a protest either alleges that definitive responsibility criteria in the solicitation were not met, or identifies evidence raising serious concerns that, in reaching a particular responsibility determination, the contracting officer unreasonably failed to consider available relevant information or otherwise violated statute or regulation. 4 C.F.R. § 21.5(c). Neither exception applies here.

Next, Kloppenburg argues that Alutiiq should have been found unacceptable because it allegedly lacked past performance. But even if, as alleged in the protest, Alutiiq has no past performance, it could not properly be rated unacceptable under the evaluation criteria in the RFP. Agencies are required to consider an absence of past performance as neither positive nor negative. 41 U.S.C. § 405(j)(2) (2000); see also

---

[2] To the extent that Kloppenburg argues that because of the remote location and sensitivity of providing transportation for children, it was unreasonable for DODEA not to place more significance on the non-price factors in the award criteria set forth in the RFP, these arguments are challenges to the terms of the solicitation, and are therefore untimely. Our Bid Protest Regulations require that a protest based upon alleged improprieties in a solicitation that are apparent prior to the closing time for receipt of initial proposals be filed before that time. 4 C.F.R. § 21.2(a)(1).

[3] More precisely, since Alutiiq is a small business, any valid concerns about its responsibility would have to be forwarded to the Small Business Administration for determination under its certificate of competency process.

FAR § 15.305(a)(2)(iv) (offerors with no relevant past performance "may not be evaluated favorably or unfavorably on past performance").

In its July 8 filing, Kloppenburg notes that the RFP required offerors to include any applicable local taxes (such as the Guam gross receipts tax) in their fixed prices, see RFP at 69 (incorporating FAR § 52.212-4(k) "Taxes"), but the protester speculates that Alutiiq may not pay the tax.[4] Whether Alutiiq fulfills its obligations under the contract is a matter of contract administration, which we generally do not review. See 4 C.F.R. § 21.5(a).

Finally, Kloppenburg argues that award should have been based on its lower base-year price, rather than its price for the entire performance period. The protester argues that the RFP failed to specify that the base and option period prices would be totaled, and warned that the agency was not obligated to exercise the options, and therefore, it was improper to consider the total price in the award decision. To the contrary, the RFP provided that "[t]he Government will take the unit prices times the quantities shown in Section B - Schedule of Supplies/Services . . . to come up with the lowest evaluated price." RFP at 114. Since the option period prices are listed in Section B, it was proper to consider them in evaluating price, and the protester's arguments to the contrary do not state a valid basis of protest.

In summary, the protest does not include sufficient information to establish the likelihood that the agency in this case violated applicable procurement laws or regulations. The protest therefore is dismissed without further action. See 4 C.F.R. § 21.5(f).

Gary L. Kepplinger
General Counsel

[4] To the extent that Kloppenburg bases its argument on whether Alutiiq's proposal provided evidence that it intends to pay the tax, the protester has not shown that the RFP required offerors to describe their plans regarding payment of local taxes in their proposals, and in any event, the argument is based on unsupported speculation.