# In the United States Court of Federal Claims

Case No. 08-540C
(Filed: July 29, 2008)

| | |
|---|---|
| * * * * * * * * * * * * * * * * * * * * * * * * * * * | * |
| **KLOPPENBURG ENTERPRISES, INC.,** | * |
| *Plaintiff,* | * |
| | * |
| v. | * |
| | * |
| **THE UNITED STATES OF AMERICA,** | * |
| *Defendant,* | * |
| | * |
| and | * |
| | * |
| **ALUTIIQ PACIFIC, LLC,** | * |
| *Intervenor.* | * |
| * * * * * * * * * * * * * * * * * * * * * * * * * * * | * |

## ORDER

This is a post-award bid protest. Plaintiff, Kloppenburg Enterprises, Inc. (Kloppenburg), challenges the award by the U.S. Department of Defense Education Activity (DODEA) of a contract for daily transportation services for school students in Guam to Alutiiq Pacific, LLC (Alutiiq Pacific). The Court held a Preliminary Status Conference (on the record) via telephone with the parties on July 28, 2008.

## Motion to Intervene

During this conference, the Court heard and granted an oral motion by counsel for Alutiiq Pacific to intervene in this bid protest. **Alutiiq Pacific's Motion to Intervene is GRANTED.**

## Plaintiff's Motions for Preliminary Injunctive Relief

The Court also held a hearing on Plaintiff's pending Motion for a Temporary Restraining Order (TRO) and Motion for a Preliminary Injunction which were filed with the complaint on July 25, 2008. Plaintiff bears the burden of proving it is entitled to preliminary injunctive relief by clear and convincing evidence. *Baird Corp. v. United States*, 1 Cl. Ct. 662, 664 (1983). The criteria Plaintiff must meet in order to obtain preliminary injunctive relief are set forth in

*Magellan Corp. v. United States*, 27 Fed. Cl. 446, 447 (1993)). Plaintiff has not proven it is entitled to such relief.

Plaintiff has not persuaded the Court that it is likely to succeed on the merits of its protest. Plaintiff argues that the award was improper because Alutiiq Pacific – which was formed in February 2008, just prior to the close of the Solicitation – "lacks any relevant past performance" and "failed to provide any past performance information" as required by the RFP. Compl. ¶ 13(A). This and several other allegations in the complaint are purely speculative. As of the date of filing the complaint, Plaintiff had not been granted access to nor reviewed Alutiiq Pacific's proposal. *See* Compl. ¶ 13(E).

As regards past performance, counsel for the Government and for Intervenor have represented to the Court that Alutiiq Pacific is a wholly owned subsidiary of Alutiiq International, which is currently performing bus services with DODEA under the existing contract. Counsel for the Government and for Intervenor have also represented that Alutiiq Pacific did in fact provide past performance information for Alutiiq International with its proposal.

Moreover, DODEA is prohibited from assigning anything other than a neutral value to Alutiiq Pacific's alleged lack of past performance. *See* 41 U.S.C. § 405(j)(2) ("In the case of an offeror with respect to which there is no information on past contract performance or with respect to which information on past contract performance is not available, the offeror may not be evaluated favorably or unfavorably on the factor of past contract performance."). Plaintiff makes several other arguments based on its past performance assumptions, all of which are speculative and likely to fail on the merits.

Plaintiff argues that the award to Alutiiq Pacific was an abuse of discretion because, based "[u]pon information and belief, Alutiiq lacks any facility whatsoever on Guam through which it could perform the maintenance to perform the contract." Compl. ¶ 13(C). Plaintiff's contention that Alutiiq Pacific lacks maintenance facilities on Guam is therefore purely speculative.

Plaintiff makes several arguments aimed at alleged deficiencies in the terms of the Solicitation. For example, Plaintiff argues that DODEA should have evaluated fuel costs and fuel efficiency when awarding the contract. Compl. ¶ 13(E). It is well-settled that such a challenge must be made prior to award of the contract. *See Blue & Gold Fleet, L.P. v. United States*, 492 F.3d 1308, 1313 (Fed. Cir. 2007) ("[A] party who has the opportunity to object to the terms of a government solicitation . . . and fails to do so prior to the close of the bidding process waives its ability to raise the same objection subsequently in a bid protest action in the Court of Federal Claims.").

Plaintiff also has not successfully argued that it will suffer irreparable harm if a TRO and/or preliminary injunction is not granted. Plaintiff contends that it will suffer irreparable harm in the form of lost profits if Alutiiq Pacific is allowed to commence performance under the contract. Plaintiff's Memorandum in Support of Injunctive Relief (Pl. Memo.) at 13-14. Plaintiff is correct that an action at law only allows recovery of "bid preparation costs in a suit for damages, but not loss of anticipated profits," and that lost profits can therefore constitute irreparable harm. *Essex Electro Eng's, Inc. v. United States*, 3 Cl. Ct. 277, 287 (1983). However, Plaintiff has not articulated how it will incur lost profits in the short term before the Court rules on the merits of this protest.

Finally, the public interest would be harmed, rather than served, by the issuance of a TRO or preliminary injunction. The contract at issue here is for bus transportation and maintenance services for school children in Guam. The school year will begin in Guam within a matter of weeks. The contract will apparently go into effect around January 1, 2009. The contract will include the use of new buses. The buses currently in use in Guam are old and often break down, leaving school children stranded until a replacement bus can be sent to pick them up. In order for the new buses to arrive in Guam by January 2009, they must be ordered during the first week of August 2008. There is a strong public interest in assuring that school children in Guam have reliable public transportation to and from school. Even temporarily enjoining performance of this contract is contrary to that interest.

**Based on the foregoing, Plaintiff's Motions for a TRO and for a Preliminary Injunction are hereby DENIED.**

## Briefing Schedule

We set forth below the briefing schedule for the parties' cross-motions for judgment on the administrative record.

| | |
|---|---|
| August 1, 2008 | Government to file the Administrative Record. |
| August 11, 2008 | Plaintiff to file Motion for Judgment on the Administrative Record. |
| August 25, 2008 | Government and Intervenor to file Cross-motions for Judgment on the Administrative Record and Opposition to Plaintiff's Motion. |
| August 29, 2008 | Plaintiff to file Opposition to Government's and Intervenor's Cross-motions. |

| | |
|---|---|
| September 8, 2008 | Government and Intervenor to file Reply to Plaintiff's Opposition; parties to jointly file the Consolidated Statement of Uncontroverted Facts. |

**IT IS SO ORDERED.**

s/ Lawrence M. Baskir
LAWRENCE M. BASKIR
Judge